### R. Weaver *v.* T. W. Samuels et al.

**Contract—Made by One Partner and Benefits Accepted by Firm.**

     Though a contract be made with one member of a firm only, if the firm should subsequently accept the benefits therefrom, they will be bound thereby.

**Same—Instructions.**

     In a suit on a note given for carrying a contract with one member of a firm, an instruction "that if the contract with Weaver (purchaser) was with the firm, and in the name of the firm, though made by one of the members, yet if the firm enjoyed the benefit of the contract, it was bound thereby" was improperly refused.

APPEAL FROM NELSON CIRCUIT COURT.

October 12, 1869.

Opinion of the Court by Judge Peters:

Samuels and Sayrs were selling goods as partners, near to Arnolds depot on the Bardstown branch of the Louisville & Nashville Railroad. James Arnold owned the depot grounds, was also engaged in the business of selling goods and was the agent of the road at that place. Samuels and Sayrs were anxious to get clear of Arnold as a competitor in their business; and to get the agency for the railroad, and offered one Blandford, $500 if he would buy

Arnold out, change the depot to their house, and procure the agency of the road, to be transferred to them. Blandford declined the proposition. But appellant shortly thereafter, did purchase out Arnold, procured a discontinuance of his store and caused the depot and agency to be transferred to the house of Samuels and Sayrs. The foregoing facts are established without controversy by the evidence.

To make the first payment to Arnold for his property, Weaver borrowed $800 of Samuels and Sayrs, and executed his note to them therefor, and having paid three hundred dollars of said debt, for the residue, suit was brought on the note against him, and he as a defense alleges the foreging facts in substance as a set-off against the claim.

The issue of fact made by the pleadings was submitted to a jury, and a verdict having been found against Weaver, and his motion for a new trial having been overruled, a judgment was rendered against him for the amount claimed, and he now seeks a reversal.

As the alleged contract with Weaver was not within the scope of the partnership of Samuels and Sayrs, and the evidence is conflicting as to whether Samuels ever authorized Sayrs to make it for the firm, or ratified and approved it after it was made by the latter, the judgment cannot be disturbed unless the court below erred to the prejudice of appellant in refusing instructions asked for by him, and he excepted to the ruling of the court; for although erroneous instructions may have been given at the instance of appellees, if they were not *objected* to when asked, and the opinion of the court also excepted to at the time, the error will be treated as waived by this court.

Among other instructions the appellee asked the following, which was refused: That if the contract with Weaver was with the firm, and in the name of the firm, though made by one of the members, yet if the firm enjoyed the benefit of the contract, and received the profits, then it was bound by it.

Or in other words, as we understand it: If in consideration of the promised *bonus* to Weaver by Sayrs, one of the members of the firm, Weaver secured the removal of Arnold and procured the agency of the railroad company to be transferred to said firm, or to such person as it designated, and the depot to be removed to its house, with the consent and approbation of Samuels, that was a

ratification of the contract made by Sayrs on his part, and the same in that event would be binding on him.

Certainly a contract made by one partner, without the consent of the other, although not within the objects and purposes of the partnership, still if it be for the benefit of the firm, and made for it, and the partner who did not consent to it, afterwards makes no objections, acquiesces, and actually partakes of advantages secured to the firm by the contract, he cannot afterwards be allowed to say he will repudiate it, and throw the burden on his more active partner. If he disapprove it, he should at once repudiate it in toto.

From the evidence adduced on the trial the instruction as asked was substantially the law, and should have been given.

Wherefore, the judgment is reversed, and the cause is remanded for a new trial and for further proceedings consistent herewith.

*Grigsby,* for appellant.

*Johnson, McKay,* for appellees.